IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD LEE Inmate #N-60113,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-178-JPG |
| | ) |
| **C/O Clark, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate currently confined at the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for alleged violations of his right to due process of law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

## THE COMPLAINT

Plaintiff had a verbal confrontation with an unnamed laundry porter over Plaintiff's laundry.  Plaintiff alleges that the laundry porter reported to Defendant Clark that Plaintiff had "tried to snatch" the laundry porter into Plaintiff's cell.  Based on the laundry porter's report - which Plaintiff claims is false -  Defendant Clark placed Plaintiff in administrative segregation on "investigative status on allegations of possible assault."  Three days later, Defendant Clark interviewed Plaintiff concerning the incident.  Plaintiff informed Defendant Clark that "the laundry porter stated cussing me out and I fed into his arguing."  After the interview, Defendant Clark issued Plaintiff a disciplinary ticket for "intimidation and threats."  It appears that Defendant Clark based this charge - in part - on information he received from "confidential sources."  Plaintiff, however, contends that the phrase "confidential sources" is simply a phrase the prison staff uses when they want to "discipline [an inmate] without justification or proper investigation."  Plaintiff claims that the actions Defendant Clark violated his right to procedural

due process of law.

An Adjustment Committee comprised of Defendants Jackson, Sanders, and Winsor found Plaintiff guilty of the violation. Plaintiff received the following sanctions: (1) one month "C Grade"; (2) one month gym and yard restriction; and (3) thirteen days confinement in segregation. Additionally, Plaintiff asserts that the Defendants "added one month to [his] original release date." Plaintiff contends that Defendants Jackson, Sander, and Winsor were biased against him. Specifically, Plaintiff charges that the Defendants had made up their minds before the hearing to find Plaintiff guilty. It appears that the sanctions were upheld by Defendant Evans on appeal. Plaintiff claims that Defendants Jackson, Sander, Winson, and Evans violated his right to due process of law.

Plaintiff submitted a grievance to Defendant Valerius on August 30, 2008, concerning the disciplinary ticket and his disciplinary hearing. Several months later - after not receiving a response to his first grievance - Plaintiff delivered a second grievance to Defendant Valerius. Plaintiff contends that Defendant Valerius responded to the second grievance within two days informing him that his first grievance (filed three months earlier) was still being reviewed. Several days later, Plaintiff received a response to his first grievance from Defendant Sanders (who had participated in Plaintiff's disciplinary hearing). Defendant Sanders denied Plaintiff's grievance, but in so doing indicated that the grievance had been received on October 30, 2008 - which prevented Plaintiff from pursuing an appeal. Defendant Evans upheld the denial of Plaintiff's grievance. Plaintiff claims that these actions violated his right to due process of law.

### DISCUSSION

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or

property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to administrative segregation on "investigative status" for three days prior to being interviewed by Defendant Clark and being issued the disciplinary ticket. According to the complaint, a total of only 9 days passed between the date of Plaintiff's confrontation with the laundry porter and the disciplinary hearing. There is nothing in the complaint that indicates or even suggests that the conditions Plaintiff had to endure while on "investigative status" or awaiting the disciplinary hearing were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.

Therefore, Plaintiff's complaint does not state a due process claim against Defendant Clark.

Furthermore, as a result of the disciplinary hearing, Plaintiff was placed on segregation for thirteen days, had restrictions placed on his gym and yard time, and was placed on "C grade" for one month. There is nothing in the complaint to indicate or suggest that the conditions of disciplinary segregation Plaintiff endured for thirteen days - or the other restrictions placed on him during that time - were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.

Plaintiff, however, also alleges that he had his release date extended by one month. Although this allegation is somewhat vague (there's no explanation how the extension was achieved), it is possible that Plaintiff had good conduct time revoked. Unlike confinement in administrative segregation or disciplinary segregation, a loss of good conduct credit, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in this disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim that he was deprived of good conduct credits without due process..

Furthermore, with respect to Plaintiff's claim for damages resulting from the disciplinary

action, if Plaintiff's allegation is true that Defendants Jackson, Sanders, and Winsor were personally biased against him, then that would imply that the disciplinary decision made by these Defendants was wrong. Where, as here, a judgment in Plaintiff's favor would necessarily imply the invalidity of the disciplinary hearing and resulting loss of good conduct credits, Plaintiff's claim is not cognizable under § 1983 unless and until Plaintiff has the disciplinary action overturned through some other means such as a habeas corpus action. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Because Plaintiff does not allege that the disciplinary action has been overturned in a separate proceeding, his due process claim must be dismissed.

With regard to Plaintiff's grievances, "[a] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Furthermore, 42 U.S.C. § 1997e only requires Plaintiff to exhaust his "available" administrative remedies and the failure of Plaintiff to exhaust his "available" remedies is an affirmative defense to his action, not a pleading requirement. Put differently, the alteration of Plaintiff's grievance form has not deprived Plaintiff of "life, liberty, or property" because Defendants have not raised the affirmative defense and the Court has not ruled on the issue. While Court does not condone the alleged alteration of Plaintiff's grievance, it does not rise to the level of a constitutional violation.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Plaintiff's claims are **DISMISSED** with prejudice, except his claim concerning the loss of good conduct credits, which is **DISMISSED** without prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: 11/4/2009.

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**